IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORRINE TAYLOR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GOVERNMENT EMPLOYEES | : | NO. 10-914 |
| INSURANCE CO. | : | |

**MEMORANDUM**

Padova, J.                                                                                                                April 19, 2010

Plaintiff Corrine Taylor filed the instant action, alleging breach of contract and bad faith arising out of an underinsured motorist claim that she filed with her insurer, Defendant Geico General Insurance Company ("Geico").[1] Presently before the Court is Geico's Motion to Dismiss the Complaint. For the following reasons, we grant the Motion in part and deny it in part.

**I.    BACKGROUND**

The facts as set forth in the Complaint are as follows. On or about July 13, 2007, Ms. Taylor was driving her own car eastbound on Bid Oak Road at or near its intersection with Pine Grove Road in Lower Makefield Township, Pennsylvania. (Compl. ¶ 6.) As she was making a right turn onto Pine Grove Road, Christopher Monteiro, who was driving southbound on Pine Grove Road, failed to stop for a red light and hit her vehicle. (Id. ¶¶ 6-7.) As a result of the collision, Taylor suffered a number of injuries, some or all of which may be permanent. (Id. ¶¶ 10-11.) Taylor's medical records indicate that she was treated immediately after the accident at Helene Fuld Hospital, where she stayed overnight and was discharged the following day. (Id. ¶ 31.) She also sought and received

---

[1]The Complaint initially included Robert Taylor as a Plaintiff and Government Employees Insurance Company, Geico Indemnity Company, and Geico Casualty Company as Defendants. However, the parties have agreed to dismiss these additional parties from the action.

1

treatment from a rehabilitation physician and a neurologist. (Id. ¶ 32.)

At the time of the collision, Monteiro carried an automobile insurance policy that capped bodily injury liability protection at $50,000, which was insufficient to compensate Taylor for the injuries she sustained as a result of the accident. (Id. ¶¶ 15-16.) Taylor carried an insurance policy with Geico that provided $100,000 in underinsured motorist coverage. (Id. ¶¶ 17-18.) In October 2009, Taylor agreed to settle with Monteiro's insurance carrier for a payment of $44,500. (Id. ¶ 34.) Geico consented to the third-party settlement on or about November 16, 2009. (Id. ¶ 35.) On or about October 27, 2009, Taylor's counsel provided medical reports and records to Geico and advised Geico that Taylor intended to pursue an underinsured motorist claim. (Id. ¶¶ 27-28.) That same month, Taylor demanded $100,000 under her underinsured motorist coverage, and has continued to demand payment of the coverage ever since. (Id. ¶¶ 29-30.) On November 16, 2009, Geico made an initial offer of settlement in the amount of $15,000, which Taylor rejected. (Id. ¶¶ 36-37.) Geico has not made any subsequent settlement offers.[2] (Id. ¶ 38.)

The Complaint asserts causes of action against Geico for breach of the insurance policy and bad faith pursuant to 42 Pa. Cons. Stat. Ann. § 8371. Taylor seeks compensatory and punitive damages, litigation costs, and attorney's fees. On March 10, 2010, Geico filed its Motion to Dismiss.

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

---

[2]The Complaint alleges that Taylor believed at the time she purchased the policy that any disputed underinsured motorist claims arising under the policy would be resolved through arbitration. (Compl. ¶ 24.) However, the Complaint further alleges that, without prior notice, Geico modified the policy to delete the mandatory arbitration provisions. (Id. ¶ 26.)

we look primarily at the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will grant a Rule 12(b)(6) motion if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). A complaint that offers "only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or that merely "allege[s] the plaintiff's entitlement to relief," is insufficient. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must show the plaintiff's entitlement to relief with its facts. Id. at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

3

## III. DISCUSSION

Geico argues that the Complaint should be dismissed for failure to state a claim upon which relief may be granted because it fails to set forth valid causes of action for breach of fiduciary duty and bad faith. Geico also argues that the Complaint fails to establish a sufficient basis for punitive damages. In the alternative, Geico argues that Taylor has failed to plead with specificity the actions forming the basis of her claims and requests that the Court direct her to file a more specific pleading.[3]

### A. Breach of Fiduciary Duty

The Complaint alleges in the context of its breach of contract and bad faith claims that Geico owed Taylor a fiduciary duty, but it never explicitly asserts a claim for breach of fiduciary duty. (See Compl. ¶¶ 44, 48.) Geico moves to dismiss the Complaint insofar as it asserts breach of fiduciary duty as a separate claim. Taylor responds that she has, in fact, asserted a claim for breach of fiduciary duty in connection with her claims for breach of contract and bad faith. Accordingly, we will read the Complaint as asserting a claim for breach of fiduciary duty.

Geico argues that the Complaint fails to set forth a valid cause of action for breach of fiduciary duty because, according to Geico, an insurer only owes its insured a duty of good faith and fair dealing, not a fiduciary duty. "The Pennsylvania Supreme Court treats the breach of the contractual duty of good faith and breach of fiduciary duty synonymously in the context of insurance cases." Greater N.Y. Mut. Ins. Co. v. N. River Ins. Co., 872 F. Supp. 1403, 1409 (E.D. Pa. 1995) (citing Gedeon v. State Farm Mut. Auto. Ins. Co., 188 A.2d 320, 322 (Pa. 1963)). Pennsylvania law

---

[3]Geico also moves to dismiss Robert Taylor as a Plaintiff, as the Complaint neither mentions him nor pleads any cause of action on his behalf. Because the parties have agreed to dismiss Robert Taylor as a Plaintiff, see n.1, supra, this argument is now moot.

does not permit common law tort actions for breach of fiduciary duty in the context of insurance cases. Id.; see also Wood v. Allstate Ins. Co., Civ. A. No. 96-4574, 1996 WL 637832, at *2 (E.D. Pa. Nov. 4, 1996) (striking an insured plaintiff's cause of action for breach of fiduciary duty, and ruling that it was subsumed by the plaintiff's bad faith claim and therefore redundant). Consequently, we may not grant Taylor relief based on a theory of breach of fiduciary duty. Therefore, to the extent the Complaint asserts a claim for breach of fiduciary duty, we grant the Motion to Dismiss with respect to such a claim.

    B.    Bad Faith

Second, Geico argues that Count II of the Complaint fails to state a claim upon which relief may be granted because it fails to set forth a sufficient factual basis for a claim of bad faith. Specifically, Geico contends that Taylor's allegation that Geico's offer of $15,000 was unreasonable shows only an "honest disagreement about the value of the plaintiff's claim" and fails to suggest any dishonest purpose on the part of Geico. (Def.'s Br. at 16.) According to Pennsylvania statutory law, when a court finds that an insurer has acted in bad faith, it may take all of the following actions:

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. In the insurance context, "bad faith" is defined as "'any frivolous or unfounded refusal to pay proceeds of a policy; [. . . or] conduct [that] imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.'" Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139

(6th ed. 1990)). In order to recover on a claim for bad faith, a plaintiff "must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." Id. (citing Am. Franklin Life Ins. Co. v. Galati, 776 F. Supp. 1054, 1064 (E.D. Pa. 1991); and D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins. Co., 431 A.2d 966 (Pa. 1981)).

We find that Taylor's allegations with respect to bad faith are sufficient to survive the Motion to Dismiss. The Complaint alleges that Taylor's injuries from the accident were numerous and severe and that Geico failed to act or acted unreasonably in a number of specific ways. (See Compl. ¶ 47.) Accepting these allegations as true, one could reasonably infer that Geico did not have a reasonable basis for offering only $15,000 of the $100,000 underinsured motorist coverage and therefore acted in bad faith. Accordingly, we deny the Motion to Dismiss with respect to Count II.[4]

C. Geico's Request to Compel More Specific Pleading

Finally, Geico argues in the alternative that Taylor failed "to plead with specificity the acts or failure to act which allegedly give rise to the claims made in Counts I and II for bad faith, breach of contract and punitive damages." (Def.'s Br. at 17.) Geico contends that it has been prejudiced in the preparation of an Answer to the Complaint as a result of Taylor's failure to plead with specificity. Geico therefore requests that, if its Motion to Dismiss is denied, the Court instead direct Taylor to file a more specific pleading.

---

[4]Geico also argues that, even assuming the Complaint sufficiently alleges bad faith, it still fails to set forth a sufficient basis for punitive damages. Pursuant to 42 Pa. Cons. Stat. Ann. § 8371, a court may award punitive damages against an insurer when it finds that the insurer has acted in bad faith. As we deny the Motion to Dismiss with respect to Taylor's claim for bad faith, and the parties will now engage in discovery on that claim, it would be premature now to rule on Taylor's entitlement to punitive damages. Therefore, we also deny the Motion to Dismiss with respect to Taylor's request for punitive damages.

Rule 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), in order to provide the defendant with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley, 355 U.S. at 47). Although Geico does not cite specifically to the Federal Rules of Civil Procedure, Rule 12(e) provides as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

Here, a more definite statement of the Complaint is not necessary. The Complaint asserts claims for breach of contract and bad faith arising out of Geico's actions in offering Taylor only $15,000 of her underinsured motorist coverage, and thereby gives Geico fair notice of its claims. Accordingly, we find that the Complaint has "served its function as a guide to discovery," Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), and therefore deny Geico's Motion for a more specific pleading.

## IV.   CONCLUSION

For the foregoing reasons, we grant the Motion to Dismiss in part and deny it in part. An appropriate Order follows.

BY THE COURT:


 /s/ John R. Padova
John R. Padova, J.